**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHONEY'S NORTH AMERICA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No:  14-cv-01075 |
| | ) | |
| **SOMA HOSPITALITY, INC. and ED BAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**JOINT  INITIAL CASE MANAGEMENT ORDER  # 1**

Pursuant to Local Rule 16.01, Plaintiff Shoney's North America, LLC ("Shoney's") and

Defendants SOMA Hospitality, Inc. and Ed Bay (collectively, "Defendants") submit this Joint

Proposed Initial Case Management Order.

**I.     JURISDICTION**

This Court has subject matter diversity jurisdiction pursuant to 28 U.S.C. §§ 1332.  Pursuant

to Paragraph 18.G of the License Agreements between the parties, Defendants have submitted to the

jurisdiction of and venue in this Court.  (*See* D.E. 1 at ¶¶ 5-6; D.E. 1.1 at ¶ 18.G; 1.2 at ¶ 18.G).

**II.     PLAINTIFF'S THEORY OF THE CASE**

Shoney's grants franchises for the establishment and operation of Shoney's® family dining

restaurants.  Defendant SOMA Hospitality, Inc. ("SOMA") is a former Shoney's franchise who

operated two Shoney's® restaurants in Kentucky pursuant to two substantially similar License

Agreements with Shoney's that set forth the rights and obligations of SOMA as a Shoney's®

franchisee.  Defendant Ed Bay owns 100% of SOMA and, pursuant to Guaranty Agreements with

Shoney's, jointly and severally personally guaranteed the obligations of SOMA under each License

Agreement.

Pursuant to Defendants' License Agreements, SOMA was obligated to operate its two Shoney's® restaurants for a term of twenty (20) years. In Section 15.B(8) of the License Agreements, SOMA agreed that Shoney's could terminate its License Agreement immediately if SOMA lost "the right to possession of the Premises or a substantial part of the Premises, whether or not because of your fault ...." (D.E. 1.1 at ¶ 15.B(8); 1.2 at ¶ 15.B(8)). In such event, SOMA also agreed that it would pay liquidated damages in the amount set forth in Paragraphs 16 of the License Agreements. Pursuant to Paragraph 16 of the License Agreements, the liquidated damages for early termination are an amount equal to the aggregate amount of royalty fees and production fund contributions paid to Shoney's by the terminating restaurant in the three years immediately preceding the termination. (D.E. 1.1 at ¶ 16; 1.2 at ¶ 16). Shoney's has thirteen fiscal accounting periods per year, and franchisee restaurants pay royalty and advertising fees to Shoney's each period during the term of their license.

SOMA executed its License Agreements on May 14, 2004. In or about March 2014, Shoney's received notice from SOMA's landlords that they had terminated SOMA's lease for both its restaurants for failure to pay rent. Accordingly, on March 14, 2014, Shoney's terminated Defendants' License Agreement for its Owensboro, KY restaurant; and on March 21, 2014, it terminated Defendants' License Agreement for its Henderson, KY restaurant. Shoney's also demanded payment of a total of $217,371.37 in liquidated damages pursuant to its rights under Section 16 of the License Agreements and $2,554.10 in other unpaid monetary obligations owed to Shoney's under Section 17.B of the License Agreements. Defendants have failed and refused to pay the amounts they owe under the License Agreements. This lawsuit seeks to collect those amounts.

III.     **DEFENDANTS' THEORY OF THE CASE**

Plaintiffs are a party to pending litigation in the Davidson County Chancery Court, one of the issues in that case is the Personal Guarantee agreement and whether or not it was assignable as part of the agreement when David Davoudpour purchased Shoney's in 2007. In Summary Judgment

Chancellor Perkins ruled that since it was not being called on for enforcement at the time it was assignable. Neither SOMA Hospitality, Inc. nor Ed Bay has appealed that decision, we are waiting on the court's decision of the remaining issues in that case as well as a trial to appeal that ruling and possibly others. If this court finds in favor of Shoney's North America Corp and the Appeals Court overturns Chancellor Perkins it will create a mess. Shoney's North America clearly needs to be sent back to the Chancery Court in this matter.

The License Agreements in this case mention liquidated damages as payment to Shoney's North America Corp. for the loss of their ability to collect royalties and other fees under the terms of these same agreements at the locations described in the licenses. Shoney's North America Corp has not lost anything as a result of their malicious and unlawful termination of SOMA Hospitality's License agreements. Shoney's North America Corp., ShoLand LLC. And Bullitt Ventures conspired to remove SOMA Hospitality, Inc. and allow Bullitt to take over these two restaurants. Shoney's North America Corp and ShoLand LLC both offered to "not sue" SOMA Hospitality, Inc. or Ed Bay if he would assist in the "peaceful" transition of his restaurants to Bullitt Ventures. Bullitt Ventures will pay a higher initial franchise fee, a higher percentage of sales to royalties and advertising than was paid by SOMA Hospitality, Inc. Bullitt Ventures is not protected by the Indiana Franchise Practices Act as is SOMA Hospitality, Inc. and Ed Bay. As is abundantly clear in this case Shoney's North America Inc. has not only made money by terminating these license agreements, they are now depriving SOMA Hospitality Inc. and Ed Bay the cash flow necessary to continue his fight in state court. Furthermore, Shoney's North America Corp will increase their income by more than 25% each year at these two locations if they do not collect a dime from SOMA Hospitality, Inc. Shoney's North America has brought this case out of greed and animus for SOMA Hospitality, Inc. and Ed Bay individually Shoney's North America Corp has suffered no damages, they are simply attempting

to get paid twice in one location…to "Double Dip" as it were at the expense of SOMA Hospitality, Inc. and Ed Bay.

The evidence between my state court counsel and myself shows Shoney's North America Corp managing their calendars in such a way that they were unable the comply with the terms of the license agreements and because I would not agree to terms outside of those same agreements they contend I refused to comply…that is not the case. I made myself available within the terms of the license agreements.

## IV.    IDENTIFICATION OF THE ISSUES

A.    *Statement of the Issues by Plaintiff.*

1.    Defendants consented to the jurisdiction of and venue in this Court in Paragraph 18.G of the License Agreements (*See* D.E. 1.2-1.3 at ¶ 18.G).  Nonetheless, they now apparently contend that venue is improper in this forum.  Shoney's submits that these arguments are barred by Paragraph 18.G of the License Agreements.  Additionally, to the extent that Defendants contend this lawsuit should have been brought as a compulsory counterclaim to the lawsuit they brought against Shoney's in Davidson County Chancery Court in 2010, they have no legal basis for that contention, as this lawsuit arises out different transactions and occurrences than are at issue in this case.  Indeed, this lawsuit arose in 2014—four years *after* Defendants filed their state case against Shoney's.

2.    Defendants contend that Shoney's failed to comply with the pre-litigation dispute resolution procedures under the License Agreements.  Shoney's disputes that contention.  As evidenced by the correspondence between counsel for Shoney's and Mr. Bay's former counsel. Mr. Bay refused to participate in those procedures and, as such, Shoney's is entitled to bring this lawsuit. Should Defendants intend to pursue this defense, Shoney's requests that they make a motion within the next ten (10) days setting forth the factual and legal bases for their position, to which Shoney's can then properly respond.

3.      Defendants have failed to properly admit or deny the allegations against them in accordance with Rule 8(b) of the Federal Rules of Civil Procedure.  They have also failed to respond to the substance of the allegations in accordance with the same rule.  As such, Plaintiff cannot ascertain which allegations are contested by Defendants, and which are not.

4.      A corporation cannot represent itself *pro se*.  It must be represented by counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  To date, no counsel has made an appearance in this case on behalf of SOMA.  Plaintiffs request that the Court order SOMA to obtain counsel within thirty (30) days of this Order.

B.      *Statement of the Issues by Defendants*.

SEE SECTION III *supra*.

## V.      INITIAL DISCLOSURES AND DISCOVERY

Initial disclosures set forth in Fed. R. Civ. P. 26(a)(1)(A) through (E)  shall be exchanged on or before August 29, 2014.

Plaintiff believes that no discovery is necessary in this case, as the sole remaining issues in this case are questions of law based on the parties' License Agreements and accompanying Guaranty Agreements.  Accordingly, Plaintiff shall have until October 31, 2014, to file a motion for summary judgment.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

## VI.      DISPOSITIVE MOTIONS

Compliance with Local Rule 56.01 is required for motions relating to summary judgment, subject to certain modifications related to timing and the length of briefing set forth as follows.  No

memorandum in support of or in opposition to any dispositive motion shall exceed 25 pages without leave of the Court. No reply shall exceed 5 pages without leave of the Court. There shall be no stay of discovery pending disposition of any motion unless specifically granted by the Court.

## VII. OTHER DEADLINES

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery.

## VIII. SUBSEQUENT CASE MANAGEMENT CONFERENCE

In the event that Plaintiff's motion for summary judgment contemplated in Paragraph V of this Order is denied, the parties shall schedule a subsequent case management conference to be held within twenty-one (21) days of the order denying that motion.

## IX. ALTERNATIVE DISPUTE RESOLUTION

Upon the resolution of Plaintiff's motion for summary judgment contemplated in Paragraph VI of this Order has been decided, the parties will confer to determine if mediation, a judicial settlement conference or other alternative dispute resolution procedures would be productive, and they will advise the Court accordingly.

## X. TARGET TRIAL DATE

The parties estimate a 1-2 day trial.

It is so **ORDERED**.

_(signature)_ 

Juliet Griffin
United States Magistrate Judge

SUBMITTED FOR ENTRY:

s/ James N. Bowen
Steven A. Riley (TN BPR No. 6258)
James N. Bowen (TN BPR No. 24082)
Stuart A. Burkhalter (TN BPR No. 29078)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700 (Telephone)
(615) 320-3737 (Fax)
sriley@rwjplc.com
jimbowen@rwjplc.com
sburkhalter@rwjplc.com
*Attorneys for Plaintiff*

s/ Edward R. Bay w/permission
Edward R. Bay (*pro se*)
2550 Oakridge Drive
Bedford, IN 47421
812-277-8077 (Telephone)
812-545-9791 (Facsimile)
edbay1@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via email and U.S. Mail, postage prepaid, upon:

SOMA Hospitality, Inc.
2550 Oakridge Dr.
Bedford, IN 47421

Ed Bay
2550 Oakridge Dr.
Bedford, IN 47421
Edbay1@comcast.net

This the 11th day of July, 2014.

s/ James N. Bowen