IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHONEY'S NORTH AMERICA, LLC )
) No. 3-14-1075
v. )
)
SOMA HOSPITALITY INC.; and ED )
BAY )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' joint proposed initial case management order, with modifications addressed at the initial case management conference held on July 18, 2014.[1] Those modifications and other matters addressed on July 28, 2014, are as follows:

1.  Mr. Bay was advised and acknowledged understanding that defendant Soma Hospitality Inc. is required to have counsel represent it in accord with Local Rule 83.01(d)(3) and, although Mr. Bay can represent himself, he cannot represent defendant Soma Hospitality Inc. ("Soma"). Mr. Bay represented that he is not able to obtain counsel to represent either Soma or himself, and that he will defend the claims against him pro se (without counsel).

2.  Plaintiff's counsel represented that he would file a motion for entry of default against defendant Soma pursuant to Rule 55(a)(1) of the Federal Rules of Civil Procedure since defendant Soma has not filed an answer in this case and, according to Mr. Bay, will not file an answer inasmuch as it cannot file an answer without an attorney.

The plaintiff filed a motion for entry of default on July 28, 2014 (Docket Entry No. 15).

3.  The plaintiff shall have until August 28, 2014, to file a motion for default judgment against defendant Soma if its motion for entry of default has been granted. Plaintiff's counsel

---

[1] Appearing at the initial case management conference were counsel for the plaintiff and defendant Ed Bay. No attorney appeared on behalf of either defendants.

represented that he would seek default judgment for a sum certain to be considered by the Clerk pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

4. The plaintiff shall have until October 31, 2014, to file a motion for summary judgment against defendant Bay. Defendant Bay shall have 31 days to file a response to the plaintiff's anticipated motion or until December 1, 2014, if the motion is filed on October 31, 2014. The plaintiff shall have 14 days from the filing of the response or until December 15, 2014, if the response is filed on December 1, 2014, to file a reply, if necessary.

No other filings in support of or in opposition to the plaintiff's anticipated motion for summary judgment shall be made after December 15, 2014, except with the express permission of the Honorable John T. Nixon.

Memoranda in support of or in opposition to the plaintiff's anticipated motion for summary judgment shall not exceed 25 pages.

5. If the plaintiff's anticipated motion for summary judgment is denied in part or in full, a further case management conference will be scheduled to address the remaining progression of the case, and a further case management order will be entered thereafter.

6. The portions of the parties' joint proposed initial case management order that address the progression of the case after resolution of the plaintiff's anticipated motion for summary judgment have been deleted from the contemporaneously entered order.

The Clerk is directed to mail a copy of this order and the contemporaneously entered order to defendant Ed Bay at the address listed on the docket by regular, first class mail and by certified mail.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge